## HENRY HOLLAND v. JOHN TOOLE.

The plaintiff sold the defendant a quantity of salt, which at the time was afloat and to arrive at a future day. When the salt arrived, the defendant received it without objection, and then refused to pay the price, on the ground that the salt was damaged. The damage consisted in the sacks having been blackened by stowage with coal or other black substance. *Held:* That as the injury was apparent, and the purchaser had received the salt without there having been any fraud or concealment on the part of the seller, he was bound to pay the price

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Winthrop*, for plaintiff: *E. L. Goold*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff sues for the value of eight hundred and fifty seven sacks of salt, sold to the defendant at one dollar and ten cents per sack. The defence is simply a general denial.

On the 12th January, the salt was sold afloat, and to arrive—the ship which contained it being consigned to the defendant. Before her arrival the price of salt rose in the market, and the salt expected was re-sold to *Pynchon* at an advance of twenty-seven cents per sack.

On the 12th of February following, the defendant's broker first notified the plaintiff, that the salt, which had then arrived, was in bad condition, and that a deduction would be claimed. The plaintiff immediately sent his brother to make an examination, when the latter found that the greater part of the salt had already been removed from the levee. The only damage exhibited by that which remained consisted in the black and soiled appearance of the sacks, which looked as if they had been stowed among coal.

The district judge considered, that the defect complained of was apparent; and that the buyer, after receiving the thing and selling it to another, could not refuse to pay the price.

The counsel for the defendant and appellant does not contest the correctness of the rule under which the case was decided; but insists that nothing prevents parties from making such an agreement as involves a waiver of the application of it; that a vendor may agree that the vendee shall receive the property and do what he pleases with it without prejudice. This is, no doubt, true; but we think, with the district judge, that no such agreement has been shown in this case. *Holland* was not informed of *Toole's* objection, that the salt was unmerchantable, until after he (*Toole*) had taken possession of it, and sold and delivered it to *Pynchon*. There is nothing in the record from which we can with certainty infer that *Holland* consented to waive the rights which the delivery gave him, and to submit the matter to arbitration, as if no delivery had been made.

This case does not differ from that of *Décuir* v. *Packwood*, cited by the district judge. The contract was executed by the defendant with the full knowledge of the quality of the salt, and of the condition in which it was landed.

HOLLAND<br>v.<br>TOOLE.

Whether it proved afterwards not so saleable as he thought, on account of the sacks being soiled, is not a subject for judicial inquiry. As was held in *Décuir's case*, where there is no concealment or fraud, the law gives no remedy against a want of discernment in judging the quality of things. 5 M. R. 306.

The judgment is affirmed, with costs.